IN RE DISQUALIFICATION OF LIGHT ET AL.: KIRKPATRICK *v.* KIRKPATRICK, N.K.A. WOOD.

[Cite as In re Disqualification of Light (1988), 36 Ohio St. 3d 604.]

(No. 88-AP-022—Decided February 9, 1988.)

MOYER, C.J. The affidavit of disqualification filed in the above-captioned matter seeks the disqualification of Judges Robert M. Light, Michael A. Rumer and David R. Kinworthy, Referee Richard E. Cheney, and all other judges and referees of the Court of Common Pleas of Allen County.

The affidavit filed by plaintiff, Michael R. Kirkpatrick, includes unspecified allegations of denial of due process and equal justice, and makes unsubstantiated allegations of delay and *ex parte* contacts, in case No. 81-DR-640. However, alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification.

In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have transpired in a given case. The instant case is a 1981 action in which Judge Light presided, a final decree was issued some years ago, and only post-decree matters are now pending.

R.C. 2701.03 is intended to seek the disqualification of only the judge presiding over a particular case, not every judge of the court, and cannot be used to disqualify a court referee.

It is observed that this affidavit contains language nearly identical to that found in a number of previous affidavits filed from Allen County. The statutory right to seek disqualification of a judge is an extraordinary remedy not to be used in a frivolous manner. Furthermore, the inclusion of the court's referee in the affidavit suggests that the affiant has not even read the applicable statute, which does not address the disqualification of court referees. Affiant is reminded that the filing of frivolous or repeated affidavits could result in appropriate sanctions being taken against the offending person.

For these reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.