IN RE DISQUALIFICATION OF KILBANE: THE STATE OF OHIO *v.* NORTHERN.

[Cite as In re Disqualification of Kilbane (1989), 42 Ohio St. 3d 602.]

(No. 88-AP-175—Submitted February 10, 1989—Decided February 10, 1989.)

MOYER, C.J. The affidavit of disqualification filed herein by petitioner-defendant, Wallace Northern, seeks the disqualification of Judge James P. Kilbane from ruling upon affiant's petition for post-conviction relief arising from his 1976 conviction. The affidavit in essence alleges that certain actions by Judge Kilbane deprived affiant of a fair trial.

A judge is presumed to follow applicable law in all respects. *In re Disqualification of Grigsby* (1988), 36 Ohio St. 3d 607, 522 N.E. 2d 461. Alleged errors of law or procedure are legal issues subject to appeal and are not grounds for the disqualification of a judge. *In re Disqualification of Light* (1988), 36 Ohio St. 3d 604, 522 N.E. 2d 458.

In the absence of evidence of bias, prejudice, or other factors, a judge who presided at trial is not automatically disqualified from hearing a petitioner's motion to vacate or set aside his sentence. *Walters* v. *United States* (S.D.N.Y. 1975), 404 F. Supp. 996, affirmed (C.A. 2, 1976), 542 F. 2d 1166; *Schoonover* v. *State* (1978), 2 Kan. App. 2d 481, 483, 582 P. 2d 292, 295. I find no evidence of such bias, prejudice, or other disqualifying factors in the record.

For the foregoing reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.