IN RE DISQUALIFICATION OF MARTIN: WEBER ET AL. *v.* WEBER ET AL. (TWO CASES.)

[Cite as In re Disqualification of Martin (1989), 43 Ohio St. 3d 602.]

(No. 88-AP-174—Submitted January 30, 1989—Decided February 13, 1989.)

ON AFFIDAVIT OF DISQUALIFICATION.

MOYER, C.J. The affidavit of disqualification herein was filed by counsel for Delores J. Weber, defendant in case No. 87-CIV-38 and plaintiff in case No. 88-CIV-96, both of which cases are pending before Judge William C. Martin in the Court of Common Pleas of Jackson County.

These cases involve the estate of James H. Weber and certain business transactions between the deceased or his estate and other parties.

It is not disputed that Judge Martin, prior to assuming the bench, prepared the last will and testament of the deceased. For this reason, counsel for Delores J. Weber assert that Judge Martin should be disqualified from proceeding in these cases to remove any appearance of impropriety.

In denying an earlier motion to step aside filed by these counsel, Judge Martin stated that the will has nothing to do with the issues present in the pending litigation, nor would his previous connection affect or influence the litigation. Counsel do not suggest that the trial judge has a bias, prejudice, or interest, or knowledge of disputed evidentiary facts, nor do counsel suggest that the judge cannot be fair or impartial.

My review of the record and of the pertinent law causes me to conclude that in the absence of bias, prejudice, or other disqualifying factors, a judge is not automatically disqualified from presiding in later litigation which tangentially concerns a last will and testament prepared by that judge while he or she was engaged in the private practice of law. In the record before me I find no evidence of such bias, prejudice, or other disqualifying factors, nor do I find that Judge Martin's continued participation would create the appearance of impropriety.

Further, it is noted that case No. 87-CIV-38 commenced with the filing of the complaint on April 1, 1987, and that Judge Martin has held two pretrial conferences and issued seven orders in the case, including a ruling upon a motion for summary judgment. A motion asking the trial judge to step aside was not filed until October 21, 1988 and this affidavit of disqualification was not filed until November 14, 1988.

In the absence of extraordinary circumstances not found here, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case. *In re Disqualification of Light* (1988), 36 Ohio St. 3d 604, 522 N.E. 2d 458.

For the foregoing reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.