In re Disqualification of Pepple: Claybaugh et al. *v.* Gilroy.

[Cite as In re Disqualification of Pepple (1989), 47 Ohio St. 3d 606.]

(No. 89-AP-184—Submitted and decided October 2, 1989.)

Moyer, C.J. The affidavit of disqualification herein was filed by Rex J. Claybaugh, the plaintiff, seeking the disqualification of Judge Frederick Pepple from further proceedings in case No. 88-33 in the Court of Common Pleas of Auglaize County.

The pertinent allegation raised in the affidavit of disqualification is that in 1981 or 1982, while engaged in private practice, Judge Pepple agreed to represent the affiant in a civil matter but did not complete that representation. Judge Pepple admits to having met with the affiant on one occasion but does not recall why affiant came to him, does not recall accepting affiant as a client, and does not recall doing any legal work for affiant.

In general, prior representation of a party by one who is now a judge is a disqualifying factor. However, the information before me does not conclusively establish the previous existence of an attorney-client relationship between the affiant and this judge.

Further, it is noted that this case commenced with the filing of the complaint in February 1988, and that Judge Pepple has presided, conducted hearings and conferences, and issued various rulings over the course of the proceedings. The issue of the judge's

alleged prior representation was apparently not brought to the trial court's attention until September of this year, and this affidavit of disqualification was not filed until Friday, September 29, 1989, although the fourth scheduled trial date is Tuesday, October 3, 1989.

In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case. *In re Disqualification of Light* (1988), 36 Ohio St. 3d 604, 522 N.E. 2d 458. A party may be said to have waived the right to obtain a judge's disqualification when the alleged basis therefor has been known to the party for some time, but the objection is raised in an untimely fashion, well after the judge has participated in the proceedings. See, generally, Annotation, Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings — Modern State Civil Cases (1983), 24 A.L.R. 4th 870.

For these reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed. The cause shall proceed before Judge Frederick Pepple.