IN RE DISQUALIFICATION OF MORGAN.

LEIBOWITZ *v.* LEIBOWITZ.

[Cite as *In re Disqualification of Morgan* (1990), 74 Ohio St.3d 1223.]

(No. 90–AP–063—Decided July 25, 1990.)

MOYER, C.J.   Richard T. Cunningham, counsel for defendant Martin A. Leibowitz, has filed this affidavit of disqualification, seeking the removal of Judge Glen B. Morgan from the instant matter.   The grounds alleged in support of disqualification relate to the preparation, by plaintiff's counsel, of a stipulation filed by Cunningham and Judge Morgan in a prohibition action related to the underlying case.   Affiant claims the preparation of the stipulation constitutes legal representation of Judge Morgan, and relies on *In re Disqualification of Badger* (1989), 47 Ohio St.3d 604, 546 N.E.2d 929, to support his assertion that this purported representation raises a reasonable question of Judge Morgan's ability to fairly and impartially preside in this matter and compels disqualification.

In *Badger, supra,* Informal Opinion No. 1477 (1981) of the ABA Committee on Ethics and Professional Responsibility was relied upon to support the disqualification of a judge who was represented, in a matter relating to his official position, by an attorney who was also counsel in a case pending before Judge Badger.   It was said that " ' * * * when a private lawyer is currently representing a judge, even in a matter involving the judge's official position or conduct, the judge should not sit in a case in which a litigant is represented by the lawyer * * * '." ABA/BNA Lawyer's Manual on Professional Conduct (1986) 801:329.

The informal opinion goes on to cite several exceptions to this general rule. It suggests that the aforementioned standard for disqualification may apply only where the lawyer-client relationship between the judge and counsel for a litigant currently exists. Further, the opinion indicates withdrawal by the judge is not required if it "would work hardship on the litigants and create a duplication of judicial labor."

In this instance, there is a question as to whether counsel for plaintiff represented Judge Morgan in the prohibition action. The stipulation was prepared by plaintiff's counsel and was executed by both affiant and Judge Morgan. The record does not indicate that plaintiff's counsel represented Judge Morgan by preparing the stipulation; neither his name nor that of his law firm appears on the stipulation and he did not sign the document as counsel for the judge. Further, the purpose of the stipulation was to allow the judge additional time to obtain counsel to represent him in the prohibition action. Counsel in the underlying action treated the preparation of the stipulation and representation in the prohibition action as separate issues. Affiant agreed to and signed the stipulation, at the same time expressing his client's objections to the representation of Judge Morgan in the prohibition action by plaintiff's counsel. Counsel for plaintiff did not believe he had undertaken representation of Judge Morgan by preparing the stipulation; rather, he believed the question of Judge Morgan's representation would be resolved after the stipulation was filed with the court of appeals.

Regardless of whether representation existed at that time, the principle established in *Badger, supra,* can be distinguished here, since there is no ongoing attorney-client relationship between the judge and counsel for plaintiff. Judge Morgan currently is represented in the prohibition action by the Summit County Prosecuting Attorney and plaintiff's counsel have participated in that case only through the filing of an *amicus curiae* brief on behalf of their client. There is nothing in the record to suggest, under these facts, that Judge Morgan could not fairly and impartially preside in the underlying action or that his disqualification is necessary to avoid the appearance of impropriety.

The underlying action has been pending before Judge Morgan for more than two years and is scheduled for trial, pending resolution of this affidavit of disqualification and the prohibition action that has been appealed to this court. "In the absence of extraordinary circumstances, an affidavit should not be used to disqualify a judge after lengthy proceedings have transpired in a given case." *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458. Assignment of a new judge to the case would further delay the matter and require a substantial duplication of judicial labor.

For these reasons, the affidavit of disqualification is found not well taken and is denied.