IN RE DISQUALIFICATION OF DEWEESE.

THE STATE EX REL. MILLER v. MAYER.

[Cite as In re Disqualification of DeWeese (1994), 74 Ohio St.3d 1256.]

(No. 94–AP–038—Decided April 19, 1994.)

MOYER, C.J.  This affidavit of disqualification was filed by James J. Mayer, Jr., the Richland County Prosecuting Attorney and respondent in the above-captioned case, seeking the disqualification of Judge James L. DeWeese from further proceedings in this matter.

Affiant raises two primary grounds in support of his contention that Judge DeWeese should be disqualified. First, he claims that he represents Judge DeWeese in other cases; therefore, disqualification is mandated by the holding in In re Disqualification of Badger (1989), 47 Ohio St.3d 604, 546 N.E.2d 929. However, Badger involved representation of a judge by a private lawyer who represented other parties in cases pending before the judge. Opinion No. 89–34 of the Board of Commissioners on Grievances and Discipline (Nov. 2, 1989), suggests that recusal of a judge based upon his representation by a prosecuting attorney is required only where the attorney-client relationship exists. Both

Judge DeWeese and relator in the underlying case indicate the cases in which affiant or his office represented Judge DeWeese have been concluded. Moreover, these actions were initiated by affiant, and *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461, holds that the mere fact that a judge may be an adverse party in another case does not require disqualification.

Affiant's second contention is that Judge DeWeese's continued participation in this case creates the appearance of impropriety. In support of this contention, affiant cites the nature of this action, the fact that Judge DeWeese formerly worked for the former prosecuting attorney who is affiant's political opponent, the fact that Judge DeWeese has appointed the former prosecutor's first assistant as his referee, and numerous rulings in this case, including the reopening of the case after the judgment had been paid.

An affidavit of disqualification must be filed as soon as possible after affiant becomes aware of circumstances that support disqualification, and the failure to do so may result in waiver of the objection. *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298. Here, affiant was aware of many of the grounds cited in support of disqualification at the time the action was filed and consented to have the case proceed before Judge DeWeese. Only now, when Judge DeWeese has ordered the case reopened upon relator's motion, does affiant belatedly raise these issues. I conclude that affiant waived his right to seek disqualification by not raising the issues in a timely fashion and allowing the case to proceed before Judge DeWeese.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge DeWeese.