[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1227.]

IN RE DISQUALIFICATION OF KARNER.

BLUMBERG *v*. BLUMBERG.

[Cite as *In re Disqualification of Karner*, 1998-Ohio-480.]

*Judges—Affidavit of disqualification—Claims that party's attorney has done legal work for the judge and her husband, that judge is related by marriage to one of attorney's law partners, and that judge will "overcompensate" for these relationships—Attorney, who knew case was pending before judge when he accepted employment, could have refused to accept case—Affidavit denied.*

(No. 98-AP-008—Decided February 9, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas, Domestic Relations Division case No. D245934.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by Alan G. Starkoff, counsel for plaintiff, Rena J. Blumberg, seeking the disqualification of Judge Cheryl S. Karner from further proceedings in the above-captioned case.

{¶ 2} Affiant claims that Judge Karner should be disqualified from this action because she is related by marriage to one of his law partners and because he has done legal work for the judge and her husband. Affiant contends that Judge Karner will "overcompensate" for these relationships, thus impacting negatively on his client, and also seeks to avoid the appearance of any impropriety on the part of Judge Karner.

{¶ 3} Defendant, Michael S. Blumberg, who is the party most likely to be adversely affected by the alleged relationship, has waived any objection to Judge Karner's participation and agreed to proceed before her. Affiant's contention that

Judge Karner will rule against his client to demonstrate that her relationship with affiant has no impact on her consideration of the case is a tortured exercise in logic. There is no indication from the record that Judge Karner will base her judgment on anything other than the facts presented before her and the applicable law. Further, affiant was aware that the underlying case was pending before Judge Karner at the time he agreed to represent the plaintiff. His desire to avoid any appearance of impropriety on the part of Judge Karner, as expressed during the December 10, 1997 hearing, could have been satisfied by refusing to accept employment in the matter.

{¶ 4} With regard to the allegation that Judge Karner's bailiff may be called as a witness in this case, this matter was discussed by the judge and counsel for the parties in May 1997 after the defendant filed his motion for relief from judgment. At that time, the parties agreed that Judge Karner could proceed in the case. Absent a change in circumstances that is not evident from this record, affiant cannot now rely on this as a factor in support of disqualification. See *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458; *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459; and *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Karner.

_____