[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1231.]

IN RE DISQUALIFICATION OF WHITMORE.

THE STATE EX REL. O'CONNOR *v.* DAVIS ET AL.

[Cite as *In re Disqualification of Whitmore*, 1998-Ohio-482.]

*Judges—Affidavit of disqualification—Judge who is being represented by prosecuting attorney or Attorney General is required to recuse himself or herself from a pending case only where the attorney who is representing the judge is also appearing before the judge on behalf of another party—Board Advisory Opinion 89-034.*

(No. 98-AP-093—Decided September 15, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Court of Common Pleas case No. 98-06-2519.

_____

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by defendant Tim Davis seeks the disqualification of Judge Beth Whitmore from further proceedings regarding the above-captioned case. The plaintiff in the underlying case is the elected Prosecuting Attorney for Summit County.

{¶ 2} Affiant contends that Judge Whitmore should be disqualified from the underlying case because, until recently, she was represented by the plaintiff in an unrelated mandamus action that recently was decided by the Supreme Court. See *State ex rel. Beacon Journal Publishing Co. v. Whitmore* (1998), 83 Ohio St.3d 61, 697 N.E.2d 640. This representation and Judge Whitmore's failure to reveal it during earlier proceedings in this matter causes affiant to question Judge Whitmore's impartiality and creates an appearance of impropriety that mandates her disqualification.

**{¶ 3}** While a judge must recuse himself or herself from a pending action where an attorney in that action is representing the judge in another proceeding, *In re Disqualification of Badger* (1989), 47 Ohio St.3d 604, 546 N.E.2d 929, the Board of Commissioners on Grievances and Discipline has modified this rule as it applies to prosecuting attorneys and the Attorney General, who are statutorily required to represent judges in their official capacity. Board Advisory Opinion 89-034 (Nov. 2, 1989), states that a judge who is being represented by the prosecuting attorney or Attorney General is required to recuse himself or herself from a pending case only where the attorney who is representing the judge also is appearing before the judge on behalf of another party. *In re Disqualification of DeWeese* (1994), 74 Ohio St.3d 1256, 657 N.E.2d 1357; and *In re Disqualification of Spicer* (Aug. 1, 1997), No. 97-AP-087, unreported.

**{¶ 4}** Here, the materials submitted by the parties indicate that at no time did Prosecutor O'Connor represent Judge Whitmore in the mandamus action. Rather, the case was assigned to an assistant prosecuting attorney who entered an appearance on behalf of Judge Whitmore and filed all briefs and pleadings on behalf of the judge in that action. Accordingly, Advisory Opinion 89-034 and the cases cited above do not mandate Judge Whitmore's disqualification from the underlying declaratory judgment action.

**{¶ 5}** For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Whitmore.

———————————