**[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1206.]**

**IN RE DISQUALIFICATION OF MITROVICH.**

**LAKETRAN BOARD OF TRUSTEES *v.* CITY OF MENTOR.**

**[Cite as *In re Disqualification of Mitrovich*, 2000-Ohio-200.]**

*Judges—Affidavit of disqualification—Untimely allegation that judge has personal knowledge of disputed evidentiary facts because he presided at case before its appeal to and remand from the court of appeals—Canon 3(E)(1)(a) does not mandate disqualification—No showing that judge will not obey remand order.*

(No. 00-AP-090—Decided October 8, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Lake County Common Pleas Court case No. 00CV000050.

———————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by Daniel Richards, counsel for defendant city of Mentor, seeking the disqualification of Judge Paul Mitrovich from further proceedings in the underlying case, which is before Judge Mitrovich on remand from the court of appeals.

{¶ 2} Affiant claims that Judge Mitrovich's disqualification from the underlying case is warranted pursuant to Canon 3(E)(1)(a) of the Code of Judicial Conduct because he has personal knowledge of disputed evidentiary facts arising from his prior participation in this matter. However, this provision does not mandate a judge's recusal or disqualification from proceedings that are remanded from a reviewing court [*In re Disqualification of Kimmel* (1987), 36 Ohio St.3d 602, 522 N.E.2d 456], or refiled in the trial court, Rule 36(D) of the Rules of Superintendence for the Courts of Ohio. Affiant offers no evidence to support his

assertion that Judge Mitrovich is biased against his client or his inference that the judge will not obey the remand order from the court of appeals.

{¶ 3} I also note that affiant filed a motion in the trial court on February 9, 2000, seeking Judge Mitrovich's recusal from participation in this case, and that Judge Mitrovich overruled this motion on March 8, 2000. Rather than promptly seeking Judge Mitrovich's disqualification, affiant waited until ten days before the scheduled trial date of September 25, 2000, to file an affidavit of disqualification in the Supreme Court. In the interim, affiant filed a motion for summary judgment on May 16, 2000, and a request for a jury trial on August 3, 2000, and did not object to Judge Mitrovich's consideration of those motions. As I stated in *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 607, 546 N.E.2d 1298:

"In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in a case. *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458. A party may be said to have waived the right to obtain a judge's disqualification when the alleged basis therefor has been known to the party for some time, but the objection is raised in an untimely fashion, well after the judge has participated in the proceedings." (Citation omitted.)

{¶ 4} Considering the time that elapsed between the ruling on the motion to recuse and the filing of the affidavit, the events that transpired during that period of time, and the fact that affiant cites no extraordinary circumstances that justify the delay in raising the issue of disqualification, I cannot conclude that Judge Mitrovich's disqualification is warranted at this late date.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Mitrovich.

—————————————