[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1228.]

IN RE DISQUALIFICATION OF CELEBREZZE.

CHOKEL *v*. CHOKEL.

[Cite as *In re Disqualification of Celebrezze*, 2001-Ohio-4095.]

*Judges—Affidavit of disqualification—Absent extraordinary circumstances, judge will not be disqualified after having presided over lengthy proceedings in a pending case—Affiant was recently retained to represent plaintiff and should have been aware of prior disqualification orders.*

(No. 01-AP-039—Decided May 16, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas Domestic Relations Division case No. D256889.

_____

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by Jacob Kronenberg, counsel for the plaintiff, seeks the disqualification of Judge James P. Celebrezze from further proceedings regarding the above-captioned case, *Charles B. Chokel v. Susan Jobe Chokel et al.*

{¶ 2} Previously, I issued an order disqualifying Judge Celebrezze from all pending and future cases in which affiant or his sister represents one of the parties. See *In re Disqualification of Celebrezze* (Apr. 26, 1996), No. 96-AP-050, unreported. This order was supplemented with instructions to the Administrative Judge of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, regarding the transfer of cases involving the Kronenbergs from Judge Celebrezze's docket. See *In re Disqualification of Celebrezze* (Apr. 6, 2000), No. 00-AP-034, unreported.

{¶ 3} Were the facts of this matter limited to those provided by affiant in his affidavit of disqualification, application of these prior disqualification orders

would be appropriate. However, in issuing the 1996 order, I noted that its application "to specific circumstances is subject to review and modification" to ensure its appropriate use. In this matter, counsel for the defendant has filed a response to the affidavit of disqualification that provides additional information that is relevant to the request for Judge Celebrezze's removal from this case. The response suggests that this case has been pending before Judge Celebrezze for a lengthy period of time and indicates that, during the last year, Judge Celebrezze has presided over a contested hearing that has thus far lasted for eleven days. Counsel's response includes a copy of an opinion from the Eighth District Court of Appeals that contains additional detail regarding the nature of Judge Celebrezze's involvement in the underlying case. Most notably, that opinion contains repeated references by the appellate court to the complex nature of the underlying action. *Chokel v. Celebrezze* (Dec. 19, 2000), Cuyahoga App. No. 78355, unreported, 2000 WL 1900332.

{¶ 4} I have held that, absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case. *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458, and *In re Disqualification of Valen* (1991), 73 Ohio St.3d 1204, 652 N.E.2d 793. Having reviewed the record before me and considering the involvement of Judge Celebrezze in a lengthy and complex case, I conclude that a greater injustice would occur if he were disqualified based solely on the fact that affiant has recently been retained to represent the plaintiff in this action. Prior to accepting employment in this matter, affiant certainly was or should have been aware of the matters cited in the response filed by counsel for the defendant. Under these circumstances, affiant and his client cannot presume disqualification of Judge Celebrezze based on my prior orders.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Celebrezze.

January Term, 2001

_____