OPINION
Appellant, Robert S. Scuba, appeals from the judgment entered by the Geauga County Court of Common Pleas. In a judgment entry dated July 24, 2001, this court ruled that any filings made by Scuba pro se would be stricken from the record, since Scuba has appointed counsel of record. We overruled a pro se motion filed by Scuba on January 24, 2002, for the same reason. Scuba then filed a pro se "motion to dismiss counsel and strike pending brief from record" on February 11, 2002. However, due to mailing and other delays, this panel was not aware of this motion prior to February 14, 2002, the day this case was scheduled for oral argument. Scuba's appellate counsel, Stephen Thomas Esq., informed us of this motion in open court.
Attorney Thomas informed us of his client's desire to terminate his representation, and, therefore, this court, sua sponte, canceled the oral argument scheduled for that day. We have subsequently overruled Scuba's motion to dismiss counsel and strike pending brief from the record. This case will now be decided on the briefs submitted by the parties. Attorney Thomas' brief will be considered.
Scuba was sentenced to a term of nine years for aggravated robbery, seven years for felonious assault, and three years for firearm specifications. The trial court ordered these sentences to be served consecutively.
In 1997, Scuba participated in an armed robbery of the home of Gordon Faith. Three individuals, including Scuba, forced their way into the residence. Faith was then bound by his arms and legs with duct tape. Faith identified Scuba as one of the intruders. Scuba beat Faith in the head and threatened to shoot him.
A jury found Scuba guilty of aggravated robbery, felonious assault, and firearm specifications on these counts. He was originally sentenced to ten years for the aggravated robbery conviction, seven years for the felonious assault conviction, and three years for the firearm specifications. Scuba appealed his conviction and sentence to this court. This court affirmed in part and reversed in part the judgment of the trial court and remanded the case to the trial court for resentencing.[1]
The sole ground for the remand was that the trial court had failed to make the necessary findings when issuing the maximum sentence for the aggravated robbery conviction.
At resentencing, the trial court reduced the sentence it imposed on Scuba for the aggravated robbery conviction from ten years to nine years. Scuba now brings the present appeal alleging errors occurred during the resentencing hearing.
Scuba sets forth three assignments of error. His first assignment of error is:
 "A trial court may not impose excessive prison terms as a sanction for the defendant exercising his right to trial, instead of accepting a lesser sentence recommended by the public defender in exchange for a guilty plea."
 Scuba claims he was punished, when he was sentenced by the trial court, for not entering into a plea agreement. The length of Scuba's prison term and the fact that the trial court issued consecutive sentences was a result of the initial sentencing. If Scuba thought he was improperly sentenced as a punishment for failing to accept a plea agreement, he should have raised that issue on his initial appeal. He did not.[2]
He did raise the issue of consecutive sentences in his initial appeal. We held that consecutive sentences were appropriate.[3]
"Res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously on appeal."[4]
Since we have already addressed the issue of consecutive sentences, and since Scuba failed to raise the issue that he was issued excessive prison terms as a punishment for failing to enter a plea agreement on his initial appeal, Scuba's first assignment of error is barred by the doctrine of res judicata.
Scuba's first assignment of error is without merit.
Scuba's second assignment of error is:
 "The trial court's imposition of multiple consecutive sentences violated defendant's due process and double jeopardy rights, as well as defendant's rights under Ohio's sentencing statutes, to not be subjected to multiple sentences for allied offenses of similar import."
 We held in our opinion of Scuba's initial appeal that the consecutive sentences were appropriate in this case.[5] Since we have already ruled on this issue, this assignment of error is also barred by the doctrine of res judicata.
Scuba's second assignment of error is without merit.
Scuba's final assignment of error is:
 "A trial court should allow a pro se defendant time to prepare an affidavit of prejudice, when an oral motion for leave to file such an affidavit is made when the court first brings the defendant before the court for a resentencing hearing."
 Scuba claims he should have been granted a continuance to prepare an affidavit of prejudice. Scuba did make an oral motion before the trial court during the resentencing hearing. He asked Judge Inderlied, the trial court judge, first to recuse himself, and then for a continuance to submit an affidavit to the Supreme Court of Ohio. The trial court denied both of these motions.
This court lacks jurisdiction to determine whether Judge Inderlied's decision not to recuse himself was correct.[6] Further, "[t]he Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced."[7] Thus, the only issue before this court is whether the trial court should have granted the continuance.
An affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings in a case, unless there are extraordinary circumstances.[8] The Supreme Court of Ohio has also held that "[a] trial court has broad discretion over continuance requests."[9] In this case, there were lengthy proceedings, as the motion for a continuance was made during a resentencing hearing, after the case had been to trial, appealed, and remanded. The trial court did not abuse its discretion in denying the continuance.
Moreover, the Supreme Court of Ohio, per Chief Justice Moyer, denied an affidavit of disqualification from Scuba, wherein Scuba sought the disqualification of Judge Inderlied, in an entry filed on June 14, 2001. The grounds that Scuba alleged for this disqualification were that he had named Judge Inderlied in a civil tort/malpractice action involving an attorney involved in this case, Peter Sackett. The Supreme Court of Ohio stated that Scuba "failed to provide facts that clearly establish either the appearance of impropriety or circumstances in which Judge Inderlied's impartiality in the underlying case might reasonably be questioned."
Since the Supreme Court of Ohio has ruled that Judge Inderlied should not be removed from the case, Scuba's final assignment of error is moot.
Scuba's final assignment of error is without merit.
The judgment of the trial court is affirmed.
CHRISTLEY, J., concurs, NADER, J., concurs in judgment only.
[1] State v. Scuba (Nov. 5, 1999), Geauga App. No. 98-G-2176, unreported, 1999 Ohio App. LEXIS 5232.
[2] Id.
[3] Id. at *15.
[4] State v. Houston (1995), 73 Ohio St.3d 346, 347, citing State v.Perry (1967), 10 Ohio St.2d 175.
[5] Scuba, at *15.
[6] Quirke v. Quirke (Sept. 20, 1996), Ashtabula App. No. 92-A-1755, unreported, 1996 Ohio App. LEXIS 4110, at *12.
[7] Jones v. Billingham (1995), 105 Ohio App.3d 8, 11, citing Adkinsv. Adkins (1988), 43 Ohio App.3d 95.
[8] In re Disqualification of Mitrovich (2000), 91 Ohio St.3d 1206,1207, quoting In re Disqualification of Light (1988), 36 Ohio St.3d 606,607.
[9] State v. Sanders (2001), 92 Ohio St.3d 245, 276, citing State v.Unger (1981), 67 Ohio St.2d 65, syllabus.