OPINION
Appellant Ronald E. Moton, Sr. appeals the decision the Richland County Court of Common Pleas, which awarded attorney fees to Appellee John Ferguson. The relevant facts leading to this appeal are as follows.
On May 22, 2000, appellant filed a complaint, captioned "Illegal trespassing and seeking compensation and damages," in the Richland County Court of Common Pleas. The center of the controversy was the attempted repossession of appellant's Lincoln automobile for delinquent payments. The named defendants included the Ford Motor Credit Company ("FMCC") and one of its employees, Appellee John Ferguson. The trial court eventually granted summary judgment in favor of Ferguson, finding that because Ferguson did not order the repossession of the Lincoln or control the manner in which the attempted repossession was made, he did not breach any duty owed to appellant. On January 22 and March 2, 2001, the trial court granted summary judgment in favor of FMCC based on appellant's failure to make payments required under the financing contract. The court additionally found that FMCC could not be liable for the alleged tortious acts of Skipco, the company involved in the actual repossession. On appeal, we affirmed the trial court's summary judgment rulings, interalia. See Moton v. FMCC, et al. (Dec. 17, 2001), Richland App. No. 01-CA-4, unreported.
On March 13, 2001, Ferguson filed a motion for sanctions pursuant to R.C. 2323.51, alleging that appellant acted in a frivolous manner by failing to remove him as a defendant. A hearing on the Ferguson's motion for sanctions was held before the magistrate on May 15, 2001. Ferguson was represented by Attorney Gregory Farkas and Attorney Marc Sanchez at said hearing, but did not personally appear, and no party to the action subpoenaed Ferguson. On June 15, 2001, the magistrate issued a decision on the motion for sanctions, awarding Ferguson the amount of $2400 plus interest. Appellant filed an objection to the magistrate's decision, but did not provide a transcript of the hearing to the trial court. The trial court affirmed the decision of the magistrate on August 24, 2001.
Appellant filed a notice of appeal on September 24, 2001, and herein raises the following four Assignments of Error:
 I. MR. FERGUSON DID NOT SHOW UP TO THE ORAL HEARING, HE ONLY PRESENTED AN AFFIDAVIT AND AN AFFIDAVIT CAN ONLY BE QUESTIONED TO THE VALIDITY OF IT, BUT ANY OUTSIDE SCOPE AND TESTIMONY CANNOT BE GIVEN OR TAKEN BECAUSE THE AFFIDAVIT CANNOT ANSWER ANY QUESTIONS THAT THE APPELLANT PUT IN FRONT OF IT. AN AFFIDAVIT IS ONLY A PIECE OF PAPER NOTARIZED AND DOES NOT HAVE A VOICE.
 II. THROUGH AN ORAL MOTION DURING THE TRIAL, WHILE THE TRIAL COURT JUDGE WAS PRESENT, THE APPELLANT ASKED THE TRIAL COURT JUDGE TO DISMISS THE MAGISTRATE FROM HEARING THIS CASE.
 III. MR. FERGUSON NEVER PRODUCED A RECEIPT SHOWING THE COURT THAT THIS MONEY WAS PAID DIRECTLY TO MR. GREG FARKAS. AND IT WAS NOT MENTIONED IN THE AFFIDAVIT THAT A RECEIPT WAS AVAILABLE TO THE COURT. THIS IS WHERE THE TRIAL COURT JUDGE AND MAGISTRATE PREJUDICED THIS ENTIRE CASE.
 IV. THE TRIAL COURT JUDGE SAID THAT THE APPELLANT SHOULD HAVE SUBPOENAED JOHN FERGUSON. I DON'T THINK SO. BECAUSE IF THE APPELLANT HAD NOT BEEN THERE, THE COURT WOULD HAVE STILL AWARDED IN JOHN FERGUSON'S FAVOR. EVEN AS YOU READ THE TRANSCRIPTS, [MAGISTRATE] MR. DALBEY THREATENED THE APPELLANT, THAT IF HE LEFT THE COURTROOM, HE WOULD HAVE THE APPELLANT ARRESTED. THIS IS WHY THE TRIAL COURT JUDGE WAS IN THIS COURTROOM BEFORE THE HEARING EVER TOOK PLACE. THE MAGISTRATE WAS OUT OF HIS AUTHORITY, AND ABUSING HIS AUTHORITY.
Appellant's brief fails in numerous respects to comport with App.R. 16. It commences with an apparent summary of the case, intermingled with some legal argument, albeit with no reference to any authorities or statutes. Appellant's brief then recites the aforesaid four Assignments of Error. It ends with a one-page section captioned "Answers." However, in the interest of justice, we glean the following from the brief (see Helfrich v. City of Pataskala Planning Zoning (Feb. 22, 2001), Licking App. No. 00CA82, unreported).
 I
In his First Assignment of Error, appellant argues that the trial court erred in accepting certain affidavits and in failing to require appellee's physical presence at the hearing. We disagree.
R.C. 2323.51 requires a trial court to conduct an evidentiary hearing and allow parties to present evidence in support of or opposition to an award of attorney fees, and the amount of the award. Simpson v. Sexton
(August 7, 2000), Licking App. No. 99-CA-77, unreported, at 4. However, the transcript of the attorney fees hearing before the magistrate was not completed until December 27, 2001, well after the trial court had ruled on appellant's objections. This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See State v.Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054, unreported;Fogress v. McKee (Aug. 11, 1999), Licking App. No. 99CA15, unreported;Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported. The magistrate's findings read in pertinent part as follows:
 Counsel for defendant John Ferguson has been licensed to practice law in Ohio since 1998. He is employed with the Cleveland, Ohio law firm of Frantz Ward LLP. His hourly rate at the time of this lawsuit was $150.00 per hour in 2000 and $155.00 per hour in 2001. The Magistrate finds that $150.00 per hour would be a fair and reasonable rate of billing for Richland County, Ohio. It should also be noted that the plaintiff did not contest this hourly billing rate.
Magistrate's Decision at 6.
Because appellant did not provide the trial judge with a transcript of the proceedings before the magistrate, we are unable to hold that the court abused its discretion in accepting the above conclusions. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant challenges the participation of the magistrate in the hearing on attorney fees.
There is no specific statutory provision addressing disqualification of a magistrate. The question of removal of a magistrate should therefore be left to the sound discretion of the judge referring the matter to the magistrate. See Walser v. Dominion Homes, Inc. (June 11, 2001), Delaware App. No. 00-CA-G-11-035, unreported. Further, "R.C. 2701.03, which governs the disqualification of common pleas judges, is expressly limited to judges and `cannot be used to disqualify a court referee [nka magistrate].'" Unger v. Unger (Dec. 29, 2000), Brown App. No. CA 2000-04-009, unreported, quoting In re Disqualification of Light (1988),36 Ohio St.3d 604.
Appellant urges that the transcripts show "* * * how the deck was stacked against me before I even went into the courtroom." Appellant's Brief at 2. Assuming, arguendo, that appellant made a valid request for recusal of the magistrate, we are unable to conclude that the trial court abused its discretion in assigning the magistrate, absent at least a modicum of a relevant citation in his brief to those parts of the record which would demonstrate bias or prejudice. See App.R. 16(A)(7).
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant challenges the purported failure of appellee to provide written proof that the attorney fees were actually paid to counsel.
An award of attorney fees is within the sound discretion of the trial court. Swanson v. Swanson (1976), 48 Ohio App.2d 85. Moreover, as hereinbefore noted, in the absence of the presentation to the trial judge of the magistrates's hearing transcript, the magistrate's findings of fact are considered established. Leite, supra. Appellant's evidentiary challenge is therefore without merit.
Appellant's Third Assignment of Error is overruled.
 IV
We read appellant's Fourth Assignment of Error as merely repetitive of his prior arguments, and thus find it without merit. This Court is cognizant that appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported, at 3-4.
Appellant's Fourth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.