O'Connor, C.J.
*1221 {¶ 1} Brian Ames has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Richard D. Reinbold Jr., a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced case in the Portage County Court of Common Pleas. In that action, Mr. Ames alleges that the Portage County Board of Commissioners violated the Open Meetings Act, R.C. 121.22. The board is represented by Denise L. Smith, the chief assistant prosecuting attorney from the Portage County Prosecuting Attorney's Office.
{¶ 2} Since instituting the underlying case, Mr. Ames has filed complaints against Judge Reinbold-in both the Eleventh District Court of Appeals, see 11th Dist. Portage No. 2017-PA-00010, and the Supreme Court of Ohio, see case No. 2017-1295-seeking a writ of procedendo ordering the judge to rule on outstanding motions in the common pleas case. In his affidavit of disqualification, Mr. Ames seeks Judge Reinbold's removal from the common pleas case because he is allegedly biased in favor of Ms. Smith, who Mr. Ames claims represents the judge in both of the procedendo actions.
{¶ 3} Judge Reinbold has responded in writing to the affidavit and denies any bias in the underlying case. The judge acknowledges that Ms. Smith previously represented him as part of the prosecuting attorney's statutory duty to defend judges in actions relating to their official positions. The judge further notes, however, that he has since relieved Ms. Smith of her statutory duty to represent him in case No. 2017-1295, the only procedendo action against him that remains pending, and that he now represents himself in that action.
{¶ 4} A trial judge's impartiality may reasonably be questioned if he or she presides over a case in which a litigant is represented by the judge's own lawyer. Therefore, the chief justice and the Board of Professional Conduct have long advised that a judge should recuse himself or herself-or be disqualified-from *1222 actions in which an attorney in the case is representing the judge in another proceeding. In re Disqualification of Badger , 47 Ohio St.3d 604, 546 N.E.2d 929 (1989) ; In re Disqualification of Whitmore , 84 Ohio St.3d 1231, 704 N.E.2d 1235 (1998) ; Board of Professional Conduct Advisory Opinion 1989-34 (Nov. 2, 1989). There are, however, recognized exceptions to this rule. For example, recusal or disqualification of the judge may not be required if it would work a hardship on the litigants and create duplication of judicial labor. In re Disqualification of Morgan , 74 Ohio St.3d 1223, 1224, 657 N.E.2d 1335 (1990). In less populated areas, a "rule of necessity" may allow an otherwise disqualified judge to temporarily hear a case if no other judge is available. Board of Professional Conduct Advisory Opinion 1989-34, at 2; Jud.Cond.R. 2.11, Comment 3. In addition, recusal *571 or disqualification is necessary only when the attorney-client relationship between the judge and counsel for a litigant currently exists. Morgan at 1224, 657 N.E.2d 1335 ; In re Disqualification of DeWeese , 74 Ohio St.3d 1256, 657 N.E.2d 1357 (1994) ; Board of Professional Conduct Advisory Opinion 1989-34, at 1. And even if the conflict exists, the parties may agree to waive disqualification pursuant to Jud.Cond.R. 2.11(C).
{¶ 5} The rule has also been applied to prosecuting attorneys and the attorney general, who are statutorily required to represent judges when they are sued in their official capacity. If a judge is represented by the prosecuting attorney or the attorney general, the judge should not hear cases in which the same individual attorney representing the judge is also representing a litigant in a case before the judge. The appearance of another lawyer from the prosecutor's office or attorney general's office, however, would not necessitate the judge's recusal. See Whitmore at 1231-1232, 704 N.E.2d 1235 ; Board of Professional Conduct Advisory Opinion 1989-34, at 2. And disqualification may not be necessary if the judge is merely a nominal party in the case represented by the prosecuting attorney or attorney general or if the judge is not personally or substantively involved in that litigation. See Flamm, Judicial Disqualification , Section 8.5, at 212 (2d Ed.2007).
{¶ 6} Here, Mr. Ames avers that Ms. Smith represents Judge Reinbold in the two procedendo actions. The court of appeals, however, dismissed Mr. Ames's first procedendo action on October 2, 2017, which was weeks before he filed his affidavit of disqualification. See Eleventh District Court of Appeals case No. 2017-PA-00010. And Ms. Smith withdrew from representing Judge Reinbold in the procedendo action in this court on October 2, 2017. See case No. 2017-1295. Thus, there is no evidence of any ongoing attorney-client relationship between Judge Reinbold and Ms. Smith-either now or at the time Mr. Ames filed his affidavit. And because there is no other evidence in the record suggesting that Judge Reinbold cannot fairly and impartially preside in the underlying common pleas action, Mr. Ames has not established that the judge's disqualification is necessary. See Morgan at 1224, 657 N.E.2d 1335 (denying affidavit of disqualification because there *1223 was "no ongoing attorney-client relationship between the judge and counsel" who represented the judge in a prior action); DeWeese at 1257, 657 N.E.2d 1357 (denying affidavit when the cases in which the prosecutor's office represented the judge had concluded).
{¶ 7} The affidavit of disqualification is therefore denied. The case may proceed before Judge Reinbold.