O'Connor, C.J.
*1337 {¶ 1} Defendant Travin Lister has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge P. Randall Knece from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Lister claims that Judge Knece is biased against him based on the judge's rulings throughout the underlying case and a comment that the judge allegedly made at the defendant's 2013 sentencing. Judge Knece has responded in writing to the affidavit and denies any bias against Mr. Lister.
{¶ 3} It is well established that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. "[A]lleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification." In re Disqualification of Light , 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). Here, Mr. Lister's dissatisfaction with various legal rulings made by Judge Knece is not grounds for disqualification.
{¶ 4} Further, it is also well established that an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." In re Disqualification of O'Grady , 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Mr. Lister complains about conduct that allegedly occurred at his 2013 sentencing. Yet he fails to adequately explain why he did not file a disqualification request earlier in the proceeding. Because nothing in the record justifies the delay, Mr. Lister has waived his right to disqualify Judge Knece based on conduct occurring six years ago. Alternatively, even if Mr. Lister had not waived his objections to Judge Knece, the judge's alleged sentencing comment does not prove that the judge is biased against the defendant. Mr. *1338 Lister failed to submit a transcript, and the alleged comment therefore lacks context.
{¶ 5} Finally, "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." In re Disqualification of Celebrezze , 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Considering Judge Knece's significant and lengthy participation in this matter, Mr. Lister has not sufficiently established that extraordinary circumstances exist warranting the judge's removal at this late stage in the litigation.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Knece.