[Cite as *State ex rel. Ames v. Reinbold*, 2019-Ohio-1169.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NOS. 2019-P-0009** |
| - vs - | | **2019-P-0010** |
| | : | |
| JUDGE RICHARD D. REINBOLD, JR., | : | |
| Respondent. | : | |

Original Actions for Writs of Procedendo.

Judgment:  Petitions dismissed.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH  44260 (Relator).

*Judge Richard D. Reinbold, Jr.*, pro se, 236 Third Street, S.W., Canton, OH  44072 (Respondent).

PER CURIAM.

{¶1}    Relator, Brian M. Ames, has filed two pro se petitions for writs of procedendo.  Respondent, Judge Richard D. Reinbold, Jr., has filed two pro se motions requesting dismissal of the petitions as moot.  For the reasons that follow, we dismiss the petitions as moot.

{¶2}    Mr. Ames filed his petitions on February 6, 2019.  In his first petition, Mr. Ames requests that this court issue a writ of procedendo ordering Judge Reinbold to rule on the following pleadings Mr. Ames has filed in the Portage County Court of

Common Pleas, Case No. 2016 CV 00582, relating to his civil action against the Portage County Board of Commissioners: (1) Motion for Preliminary Injunction filed on July 28, 2016, (2) Motion for Leave to Exceed Thirty-Five Requests for Admission and Thirty-Five Interrogatories filed on July 29, 2016, (3) Motion for Summary Judgment filed on October 11, 2016, and (4) Reply to Relator's Opposition to Respondent's Motion to Dismiss O.Civ.Pro 12(B) [sic] or Alternatively Summary Judgment filed on October 18, 2016.

{¶3} In his second petition, Mr. Ames requests that this court issue a writ of procedendo ordering Judge Reinbold to rule on the following pleadings Mr. Ames has filed in the Portage County Court of Common Pleas, Case No. 2017 CV 00226, relating to his civil action against the Brimfield Township Board of Trustees: (1) Motion for Summary Judgment filed on May 16, 2017, (2) Objections to Discovery and Motion for Civ.R. 26(C) Protective Order filed on June 1, 2017, and (3) Motion to Strike Respondent's Brief Filed June 15, 2018 filed on June 22, 2018.

{¶4} We consolidated the actions sua sponte on February 15, 2019.

{¶5} On February 19, 2019, Judge Reinbold filed motions seeking dismissal of the petitions, stating that on February 13, 2019, he filed entries granting summary judgment in favor of the public entities in both pending civil actions. No entries were attached to Judge Reinbold's motions.

{¶6} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204 (1985). To be entitled to a writ of procedendo, Mr. Ames must establish (1) a clear legal right to require the court to proceed, (2) a clear legal duty on

2

the part of the court to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex. Rel. Sherrills v. Court of Common Pleas of Cuyahoga County*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 (1995). Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000).

{¶7} In most instances in which a judge has moved to dismiss on the basis that a judgment on the pending matter has already been rendered, the judge has usually attached a certified copy of the judgment to his motion. *State ex rel. Verbanik v. Bernard*, 11th Dist. Trumbull No. 2006-T-0080, 2007-Ohio-1786, ¶8. However, we have also indicated that a finding of mootness can be made in an original action when the relator does not contest the respondent's contention. *Id.*

{¶8} Since Judge Reinbold has indicated that he granted summary judgment to the public entities in Mr. Ames' civil cases, and since Mr. Ames has not contested Judge Reinbold's contention, Mr. Ames' petitions are moot.

{¶9} Although Judge Reinbold's entries only expressly relate to Mr. Ames' motions regarding summary judgment, the remaining pending motions were implicitly overruled. If a trial court fails to issue a written ruling on a pending motion prior to the release of final judgment in a civil action, it is presumed that the court intended to deny that motion. *State ex rel. Fontanella v. Kontos*, 11th Dist. Trumbull No. 2007-T-0055, 2007-Ohio-5213, ¶9.

{¶10} For the foregoing reasons, Judge Reinbold's motions are granted, and Mr. Ames' petitions are dismissed as moot.


CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., MARY JANE TRAPP, J., concur.