[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3730.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **O P I N I O N** |
| | : | |
| Relator-Appellant, | : | |
| | : | **CASE NO. 2019-P-0016** |
| - vs - | : | |
| PORTAGE COUNTY BOARD OF COMMISSIONERS, | : | |
| | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00582.

Judgment: Affirmed in part, reversed in part, and remanded.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Timothy J. Piero*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Brian Ames ("Mr. Ames"), appeals the judgment of the Portage County Court of Common Pleas granting summary judgment in favor of appellees, the Portage County Board of Commissioners (the "Board"), and denying him summary judgment in his civil action against the Board alleging multiple violations of Ohio's Open

Meetings Act (the "OMA"). Mr. Ames also assigns as error the trial court's granting of the Board's motion for a protective order regarding his discovery requests.

{¶2} After a careful review of the record and pertinent law, we find: (1) we have previously addressed Count LV of Mr. Ames' complaint in Case No. 2019-P-0015, and therefore his appeal with respect to this claim for relief is dismissed as moot; (2) the trial court incorrectly interpreted R.C. 121.22(G)(1) and thus erred in granting summary judgment to the Board on the remaining counts of Mr. Ames' complaint; (3) the trial court properly denied Mr. Ames' motion summary judgment because he failed to meet his burden under Civ.R. 56(C) to show the absence of a genuine issue of material fact, i.e., whether the Board reasonably intended to discuss all of the permissible purposes listed in the meeting minutes; and (4) Mr. Ames did not affirmatively demonstrate that the trial court abused its discretion in granting the Board's motion for a protective order.

{¶3} More specifically, the trial court erred in holding that the Board necessarily stated an acceptable purpose under R.C. 121.22(G)(1) by reading the entire list of permissible purposes verbatim. The statute mandates that the Board specifically state in its motions and votes the particular permitted purpose or purposes that the Board reasonably intends to discuss during executive session.

{¶4} We understand that given the litigation history between Mr. Ames and the Board, the Board, in good faith, sought to insulate itself from more litigation by erring on the side of inclusiveness, but for future meetings the Board must be more precise.

{¶5} For example, if the purpose is to discuss a complaint about a public employee, the Board should state that it is going into executive session to consider investigation of charges or complaints against a public employee and to consider

2

dismissal, discipline, or demotion of that public employee, who has not requested a public hearing.

**{¶6}** Thus, we affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

### Substantive History and Procedural Background

**{¶7}** On June 28, 2016, Mr. Ames, pro se, filed a verified complaint in the Portage County Court of Common Pleas (Case No. 2016 CV 00582) alleging the Board violated the OMA on multiple occasions.[1]

**{¶8}** Specifically, Mr. Ames alleged that on 42 separate occasions from January 5, 2016 through June 14, 2016, prior to entering executive sessions to consider personnel matters, the Board read from R.C. 121.22(G)(1) and stated all permissible purposes set forth in the statute without specifying which of those permissible purposes would be discussed. Mr. Ames further alleged that the Board's practice constituted a "threat" to violate R.C. 121.22(G)(1).

**{¶9}** Mr. Ames sought: (1) a declaratory judgment that the Board violated the OMA, (2) a $500 civil forfeiture for each violation, (3) an order to permanently enjoin the Board from violating the OMA, (4) an order that the Board annotate the meeting minutes to reflect the approved purposes for each executive session, and (5) court costs and reasonable attorney fees.

---

1. Mr. Ames subsequently filed a separate action in the Portage County Court of Common Pleas (Case No. 2017 CV 00415) alleging that the Board committed 76 violations of the OMA from July 19, 2016 through April 4, 2017 and on November 4, 2015. The trial court subsequently granted summary judgment to the Board for the same reasons discussed herein and denied summary judgment to Mr. Ames. Mr. Ames' appeal regarding that case is before this court in Case No. 2019-P-0015.

{¶10} Mr. Ames also served discovery requests on the Board consisting of requests for admission, interrogatories, and requests for production of documents.

{¶11} The Board filed an answer generally denying Mr. Ames' allegations. The Board also filed a motion for protective order and objection to discovery.

{¶12} Mr. Ames filed a motion to disqualify the Board's counsel, a motion to strike and brief in opposition to the Board's motion/objection, a motion for "discipline" against the Board pursuant to the trial court's local rules, and a motion for a preliminary injunction.

{¶13} Without leave of court, Mr. Ames filed an amended complaint alleging 13 additional violations of the OMA, for a total of 55 alleged violations from January 5, 2016 through July 19, 2016 (Counts I through LV), and one alleged threat to violate the statute (Count LVI). Count LV of Mr. Ames' amended complaint alleges the same violation regarding the Board's meeting of July 19, 2016 as Count I of his complaint in Case No. 2017 CV 00415.

{¶14} The Board filed a motion to dismiss, or in the alternative, for summary judgment, along with a memorandum in support. The Board admitted that prior to the executive sessions referenced in Mr. Ames' amended complaint, it read from R.C. 121.22(G)(1). The Board argued that this practice complied with the OMA.

{¶15} Mr. Ames filed a brief in opposition as well as a cross motion for summary judgment. Mr. Ames argued that the Board's practice of "merely reiterat[ing] the laundry list of possible matters from R.C. 121.22(G)(1) without specifying which of those purposes [will] be discussed in executive session" did not comply with R.C. 121.22(G)(1) based on the Supreme Court of Ohio's decision in *State ex rel. Long v. Cardington Village Council*,

4

92 Ohio St.3d 54 (2001). Mr. Ames argued he was entitled to judgment as a matter of law on "each violation" set forth in his complaint.

{¶16} Mr. Ames filed an original action in procedendo in the Supreme Court of Ohio, which was docketed as *State ex rel. Ames v. Reinbold*, Case No. 2017-1483, requesting an order that the trial judge rule on pending motions in the underlying case. The court initially referred the matter to mediation, *see 11/07/2017 Case Announcements*, 2017-Ohio-8446, and subsequently dismissed the action. *See 06/27/2018 Case Announcements*, 2018-Ohio-2418.

{¶17} Mr. Ames also filed an affidavit of disqualification with the Chief Justice of the Supreme Court of Ohio alleging that the visiting trial judge was biased in favor of the Board's counsel, which the Chief Justice denied in *In re Disqualification of Reinbold*, 152 Ohio St.3d 1221, 2017-Ohio-9427.

{¶18} Following a hearing regarding, among other things, the availability of videos of Board meetings, the trial court issued a judgment entry indicating that the Board would confirm its contention that it did not retain copies of such videos.

{¶19} Following an additional hearing, the trial court issued a journal entry directing the Board to make available to Mr. Ames a flash drive containing videos of the Board's meetings for fiscal year 2016.

{¶20} The trial court issued another order requiring the Board to provide the court with the meeting minutes so it could determine their evidentiary value. Mr. Ames filed an "objection," alleging the trial court was attempting to independently investigate facts in violation of Jud.Cond.R. 2.9(C). Mr. Ames also filed an "objection" to the trial court's

alleged "disregard of the Ohio Rules of Civil Procedures" relating to pending motions and discovery.

**{¶21}** The trial court issued an order and journal entry converting the Board's motion to dismiss to a motion for summary judgment and permitting the parties to submit evidence consistent with Civ.R. 56(C) and to file additional pleadings, if necessary.

**{¶22}** Mr. Ames filed a motion requesting that the trial court issue an order compelling the Board to either complete discovery or stipulate to relevant facts.

**{¶23}** The Board filed an answer to Mr. Ames' amended complaint generally denying his allegations. The Board also filed a renewed motion for a protective order and objection to discovery.

**{¶24}** The trial court issued an order marking the relevant meeting minutes as "the Court's Exhibit AA" and admitting them into evidence. The trial court then filed the meeting minutes with the clerk of courts.

**{¶25}** Without leave of court, Mr. Ames filed a proposed second amended verified complaint. He also filed a motion to strike and an opposition to the Board's renewed motion for a protective order and objection to discovery, as well as renewed discovery requests.

**{¶26}** The Board filed a notice of submission into evidence a flash drive containing video of the Board's meetings for fiscal year 2016.

**{¶27}** Following a hearing on discovery matters, the trial court issued a judgment entry denying Mr. Ames' motions to compel discovery, to amend his verified complaint, and to strike the Board's renewed motion for a protective order. The trial court's entry

6

also granted, in part, the Board's motion for a protective order by limiting discovery to the meeting minutes and the flash drive.

{¶28} The Board filed a notice of submission of its responses to Mr. Ames' discovery requests.

{¶29} Mr. Ames filed a motion to disqualify the visiting trial judge, alleging that he "repeatedly demonstrated an inability to uphold and apply the law."

{¶30} The Board filed a motion for summary judgment and a brief in opposition to Mr. Ames' previously filed motion for summary judgment. The Board admitted in briefing it held several meetings as indicated in Mr. Ames' amended complaint and it "read verbatim from R.C. 121.22(G)(1) to move into executive session," as corroborated by the minutes marked as Exhibit AA and the flash drive. The Board again argued that its practice complied with the OMA.

{¶31} Mr. Ames filed original actions for writs of procedendo in this court requesting orders that the trial judge rule on pending motions in the underlying case and another unrelated case, which we ultimately dismissed as moot in *State ex rel. Ames v. Reinbold*, 11th Dist. Portage Nos. 2019-P-0009 & 2019-P-0010, 2019-Ohio-1169.

{¶32} The trial court subsequently issued a judgment entry granting the Board's motion for summary judgment and denying Mr. Ames' motion for summary judgment. The trial court stated as follows:

{¶33} "R.C. 121.22(G)(1) is one of eight such matters for which a public body may enter executive session. There are no sub-sections or sub-parts to R.C. 121.22(G)(1). R.C. 121.22(G) is one paragraph that constitutes one of eight appropriate grounds for

7

entering executive session under R.C. 121.22. [The Board] has used R.C. 121.22(G)(1) including its stated purposes.

**{¶34}** "[Mr. Ames] admits at ¶LVI of his Complaint that [the Board] as a matter of practice read the statutory language of R.C. 121.22(G)(1) before entering executive session. As [the Board] has read the exact language of R.C. 121.22(G)(1), [the Board] has necessarily stated an acceptable purpose pursuant to R.C. 121.22(G)(1)."

**{¶35}** The trial court concluded the Board committed no violations of the OMA and was entitled to judgment as a matter of law.

**{¶36}** Mr. Ames now appeals and presents the following assignments of error for our review:

**{¶37}** "[1.] The Trial Court erred in granting summary judgment in favor of the Board and in denying summary judgment to Ames on cases 2016CV00582 and 2017CV00415 by disregarding the opinion of the Supreme Court of Ohio and substituting its own reading of R.C. 121.22(G)(1).

**{¶38}** "[2.] The Trial Court erred in granting the Board's protective order and in denying discovery to Ames on case 2016CV00582."

### Grant of Summary Judgment to the Board

**{¶39}** In his first assignment of error, Mr. Ames argues the trial court erred by granting summary judgment to the Board.

### *Standard of Review*

**{¶40}** We review de novo a trial court's order granting summary judgment. (Citations omitted.) *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶9. "A reviewing court will apply the same standard a trial court is required to

8

apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." (Citations omitted.) *Id.*

**{¶41}** "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007–Ohio–4374, ¶40.

**{¶42}** The "portions of the record * * * are those evidentiary materials listed in Civ.R. 56(C) * * * that have been filed in the case," which are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." *Dresher* at 292; Civ.R. 56(C).

**{¶43}** The trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-

9

046, 2012-Ohio-4990, ¶8. There is no specific requirement that the materials supporting summary judgment be attached to the motion for summary judgment as long as they have been filed in the case prior to the entry of judgment. *Millstone Condominiums Unit Owners Assn. v. 270 Main St.*, 11th Dist. Lake No. 2011-L-078, 2012-Ohio-2562, ¶61.

**{¶44}** "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112." *Ziccarelli* at ¶40.

### The OMA

**{¶45}** The OMA is set forth in R.C. 121.22 and provides that the statute shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law. R.C. 121.22(A). The intent of the OMA is to prevent public bodies from engaging in secret deliberations on public issues with no accountability to the public. *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544 (1996).

**{¶46}** R.C. 121.22(C) sets forth the basic requirement that meetings of public bodies in Ohio are public meetings that must be open to the public at all times. R.C. 121.22(G) recognizes that certain sensitive information is best discussed privately among members of a public body. *Cincinnati Post* at 544. Thus, the statute allows for "executive sessions" of a public body, where the public may be barred. *Id.*

10

**{¶47}** After following certain procedures, a public body may discuss certain subject matters privately in an executive session. The permissible subject matters are set forth in R.C. 121.22(G), subsections (1) through (8). Relevant to this case is R.C. 121.22(G)(1), which relates to an executive session to consider personnel-related issues, and states as follows:

**{¶48}** "(G) * * * [T]he members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:

**{¶49}** "(1) To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. Except as otherwise provided by law, no public body shall hold an executive session for the discipline of an elected official for conduct related to the performance of the elected official's official duties or for the elected official's removal from office. If a public body holds an executive session pursuant to division (G)(1) of this section, *the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held*, but need not include the name of any person to be considered at the meeting." (Emphasis added.)

**{¶50}** Courts have held that the exceptions in R.C. 121.22(G) are to be strictly construed. *See, e.g., Gannett Satellite Information Network, Inc. v. Chillicothe Bd. of*

11

*Edn.*, 41 Ohio App.3d 218 (4th Dist.1988), paragraph one of the syllabus; *In re Removal of Kuehnle*, 161 Ohio App.3d 399, 2005-Ohio-2373, ¶93 (12th Dist.); *Maddox v. Greene Cty. Children Servs. Bd. of Dirs.*, 2d Dist. Greene No. 2013-CA-38, 2014-Ohio-2312, ¶17.

### *Count LV*

**{¶51}** As previously indicated, Count I of Mr. Ames' complaint in Case No. 2017 CV 00415 and Count LV of his complaint in the underlying case allege the same violation regarding the Board's meeting of July 19, 2016.   Since we have already addressed this claim for relief in our opinion in Case No. 2019-P-0015, Mr. Ames' appeal with respect to Count LV is dismissed as moot.

### *Remaining Counts*

**{¶52}** We next address the trial court's grant of summary judgment to the Board on the remaining counts of Mr. Ames' complaint.

**{¶53}** The Board argues that its practice of reading from R.C. 121.22(G)(1), as reflected in the meeting minutes and the flash drive, complied with the OMA.

**{¶54}** The record shows that the trial court filed the relevant meeting minutes with the clerk of courts.   Although these minutes were not incorporated by reference in a properly framed affidavit, improper summary judgment evidence may be considered by the trial court if no objection is made.   (Citations omitted.)   *Millstone*, *supra*, at ¶62.

**{¶55}** Mr. Ames objected to the trial court's order that the Board submit the meeting minutes for review on the grounds that the trial court was engaged in the improper investigation of facts.   However, Mr. Ames did not object to the trial court's subsequent order admitting the meeting minutes into evidence or file a motion to strike

12

after the trial court filed them with the clerk. Therefore, the trial court was entitled to consider the meeting minutes in ruling on the motions for summary judgment. *See id.*

**{¶56}** The minutes reflect that at each meeting, the Board stated as follows:

**{¶57}** "In accordance with the [sic] Ohio Revised Code 121.22(G)(1), it was moved by [Board member's name], seconded by [Board member's name] that the Board of Commissioners move into executive session to consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual."

**{¶58}** This language mirrors that set forth in the referenced statute. Therefore, our review of the trial court's grant of summary judgment to the Board on Mr. Ames' remaining counts involves the proper interpretation of R.C. 121.22(G)(1).

### *Principles of Statutory Interpretation*

**{¶59}** Venerable principles of statutory construction require that in construing statutes, courts must give effect to every word and clause in the statute. *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, ¶18, citing *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶21. Courts must read words and phrases in context and construe them in accordance with rules of grammar and common usage and may not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording. (Citations omitted.) *Id.* A court should avoid a construction that renders a provision meaningless or inoperative. *Id.* at ¶19, citing *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373 (1917). Furthermore, when a statute's language is clear

and unambiguous, courts apply the statute as written, giving effect to its plain meaning. (Citations omitted.) *Id.* at ¶20.

**{¶60}** A court's "paramount concern" when construing a statute is the statute's legislative intent, and courts should avoid adopting a construction of a statute that would result in circumventing the evident purpose of the enactment. (Citations omitted.) *Cincinnati Post*, *supra*, at 543.

### *Interpretation of R.C. 121.22(G)(1)*

**{¶61}** The issue before us is whether the trial court correctly interpreted R.C. 121.22(G)(1) in determining the Board necessarily stated an acceptable purpose under R.C. 121.22(G)(1) by reading the entire list of permissible purposes prior to entering into executive sessions. We conclude it did not.

**{¶62}** As previously indicated, "if a public body holds an executive session pursuant to division (G)(1) * * *, the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held[.]" (Emphasis added.) R.C. 121.22(G)(1). The trial court's interpretation of R.C. 121.22(G)(1) omits the statutory language requiring the Board to state "*which one or more* of the approved purposes * * * are the purposes *for which the executive session is to be held.*" (Emphasis added.) *Id.*

**{¶63}** Although no court has interpreted R.C. 121.22(G)(1) under these exact circumstances, persuasive authority demonstrates a public body must *specifically* identify the permitted purpose or purposes for an executive session.

**{¶64}** In *Long*, *supra*, the Supreme Court of Ohio held that a public body violated R.C. 121.22(G)(1) when it used general terms such as "personnel" and "personnel and

14

finances" to describe executive sessions instead of "one or more of the specified statutory purposes." *Id.* at 59. The court also wrote disapprovingly of one of the public body's motions that "merely reiterated the *laundry list* of possible matters from R.C. 121.22(G)(1) without specifying which of those purposes would be discussed in executive session." (Emphasis added.) *Id.*

{¶65} The *Long* court relied on the Ohio Attorney General's interpretation of R.C. 121.22(G)(1), which stated "if the public body is going into executive session for the purpose of discussing one or more of the matters listed in R.C. 121.22(G)(1) concerning personnel, the public body must *specify* in its motion and vote, *which of the particular matters listed in subdivision (G)(1) the public body will discuss.*" (Emphasis added.) 1988 Ohio Atty.Gen.Ops. No. 88-029, at 2-121, fn. 1. *See also* 2012 Ohio Atty.Gen.Ops. No. 2012-022, at 2-187 to 2-188 (discussing its prior interpretation); *State ex rel. Young v. Bd. of Edn. of Lebanon School Dist.*, 12th Dist. Warren No. CA2012-02-013, 2013-Ohio-1111, ¶63 (holding same).

{¶66} The *Long* court also relied on our decision in *Jones v. Brookfield Twp. Trustees*, 11th Dist. Trumbull No. 92-T-4692, 1995 WL 411842 (June 30, 1995), where we held that a public body's reference to "police personnel issues" did not comply with R.C. 121.22(G)(1) because it did not "*specify* which of the approved purposes was applicable in [that] instance." (Emphasis added.) *Id.* at *3. We recognized that the public body's statement was "so broad that it could be used to refer to any of the stated purposes." *Id.* We concluded that adopting such an interpretation of the statute "would render the express requirement in the statute meaningless" because "a public body would

15

never be required to refer to any of the stated purposes prior to holding an executive session to discuss 'personnel matters.'" *Id.*

{**¶67**} Similarly, in *Weisbarth v. Geauga Park Dist.*, 11th Dist. Geauga No. 2007-G-2780, 2007-Ohio-6728, we stated R.C. 121.22(G)(1) requires the public body "to be *more specific* [than stating 'personnel' matters] by denoting the *precise type* of 'personnel' matters it would address, such as hiring, discipline, termination, etc." (Emphasis added.) *Id.* at ¶27.

{**¶68**} Our sister districts have interpreted R.C. 121.22(G)(1) in a similar fashion. *See Kuehnle*, *supra*, at ¶93 (R.C. 121.22(G)(1) "requires a public body *to specify, in detail*, the stated purpose for holding executive session") (Emphasis added.); *Keystone Commt. v. Switzerland of Ohio School Dist. Bd. of Edn.*, 7th Dist. Monroe No. 15 MO 0011, 2016-Ohio-4663, ¶26 (holding same); *Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce*, 185 Ohio App.3d 707, 2009-Ohio-6993, ¶64 (10th Dist.) (the public body must "*specifically* identify the permissible topic") (Emphasis added.); *Maddox*, *supra*, at ¶18, 23 ("While a public body may not need to use exact statutory language when stating its purpose for entering into executive session, it must make clear which *specific* statutory purpose applies" such as "the dismissal or discipline of a public employee") (Emphasis added.); *State ex rel. Dunlap v. Violet Twp. Bd. of Trustees*, 5th Dist. Fairfield No. 12-CA-8, 2013-Ohio-2295, ¶23 ("When an executive meeting is called, the statute clearly requires the minutes to *specifically contain* one or more of the purposes listed in R.C. 121.22(G)(1) if the meeting is called pursuant to subsection (G)(1)") (Emphasis added.)

**{¶69}** Based on the plain language of the statute, and considering the above authorities, the trial court erred in holding that the Board necessarily stated an acceptable purpose under R.C. 121.22(G)(1) by reading the entire list of permissible purposes verbatim. The statute mandates that the Board specifically state in its motions and votes the particular permitted purpose or purposes that the Board reasonably intends to discuss during executive session.

**{¶70}** Thus, the trial court erred by granting the Board's motion for summary judgment with respect to the remaining counts of Mr. Ames' complaint.

**{¶71}** Mr. Ames' first assignment of error has merit in part.

### Denial of Summary Judgment to Mr. Ames

**{¶72}** Within his first assignment of error, Mr. Ames also argues the trial court erred by denying his motion for summary judgment.

### *Standard of Review*

**{¶73}** We review a trial court's order denying summary judgment de novo. (Citations omitted.) *Meeker R&D, Inc. v. Evenflo Co., Inc.*, 11th Dist. Portage Nos. 2014-P-0060 & 2015-P-0017, 2016-Ohio-2688, ¶24.

**{¶74}** As previously indicated, a party moving for summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact." *Dresher*, *supra*, at 293.

### *Burden Shifting in an OMA Case*

**{¶75}** A party who files a complaint alleging a violation of the OMA has the ultimate burden to prove by a preponderance of the evidence that a public body violated (or

17

threatened to violate) the OMA.  (Citations omitted.)  *State ex rel. Hardin v. Clermont Cty. Bd. of Elections*, 12th Dist. Nos. CA2011-05-045 & CA2011-06-047, 2012-Ohio-2569, ¶24.

**{¶76}**  In an action brought under R.C. 121.22, the plaintiff or relator initially carries his or her burden by showing that a meeting of the majority of the members of a public body occurred and that the general public was excluded from that meeting.  *Id.* at ¶25.  Once the plaintiff or relator demonstrates the above, the burden then shifts to the public body to produce or go forward with evidence that the challenged meeting fell under one of the exceptions of R.C. 121.22(G).  *Id.*  *See Carver v. Deerfield Twp.*, 139 Ohio App.3d 64, 70 (11th Dist.2000), citing *Springfield Local School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emp. Local 530*, 106 Ohio App.3d 855, 866 (9th Dist.1995).  After the public body comes forward with such evidence, the burden then shifts to the plaintiff or relator to come forward with evidence that the exception claimed by the public body is not applicable or valid.  *Hardin* at ¶24.

**{¶77}**  If the plaintiff or relator cannot show that the exception is inapplicable or invalid, he has failed to prove the public body violated the OMA, i.e., he has failed to meet his burden of proof.  *Id.*  If, on the other hand, the plaintiff or relator can show that the exception is not applicable or not valid, he has met his burden of proof.  *Id.*

### *Analysis*

**{¶78}**  As previously indicated, the relevant meeting minutes are part of the record.[2]  Since the meeting minutes reflect that the Board entered into executive session

---

2. Mr. Ames argues that these minutes have "no evidentiary value" and "should be stricken from the record on appeal" because the Board "has not disputed any facts that Ames has set forth in his complaint and motion for summary judgment."  However, the Board's answers generally denied the allegations in Mr.

at each meeting, Mr. Ames met his initial burden of showing that a meeting of the majority of the members of a public body occurred and that the general public was excluded from that meeting.

{¶79} Since the meeting minutes also reflect that the Board recited R.C. 121.22(G)(1) prior to entering into each executive session, the Board met its burden to produce evidence that the challenged meetings fell under one of the exceptions of R.C. 121.22(G). The burden then shifted to Mr. Ames to come forward with evidence that R.C. 121.22(G)(1) is not applicable or valid.

{¶80} The meeting minutes reflect that the Board listed all the permissible purposes set forth in R.C. 121.22(G)(1). We have determined as a matter of law that the Board did not necessarily state an acceptable purpose under R.C. 121.22(G)(1) by reading the entire list of permissible purposes. Rather, the statute mandates that the Board specifically state in its motions and votes the particular permitted purpose or purposes that the Board reasonably intends to discuss during executive session.

{¶81} Based on the record before us, however, the actual purpose or purposes that the Board intended to discuss during each executive session are unclear. There is no evidence in the record demonstrating that the Board did not reasonably intend to discuss all of the permissible purposes listed in the meeting minutes. Thus, Mr. Ames has not identified portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact. Accordingly, Mr. Ames has failed to meet

---

Ames' complaint and amended complaints, and there are no written stipulations of fact in the record. When a party moves for summary judgment, "evidence of the type listed in Civ.R. 56(C) * * * *must be in the record* or the motion cannot succeed." (Emphasis added.) *Ziccarelli*, *supra*, at ¶40.

his burden under Civ.R. 56(C) and is not entitled to summary judgment on the remaining counts of his complaint.

{¶82} The remainder of Mr. Ames' first assignment of error is without merit.

**Grant of Protective Order**

{¶83} In his second assignment of error, Mr. Ames argues the trial court erred by granting the Board's motion for a protective order and denying him certain discovery.

{¶84} "The standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion." (Citation omitted.) *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 31. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶85} Initially, we note that Mr. Ames did not properly appeal the trial court's entry regarding the motion for a protective order. The only judgment entry designated in and attached to Mr. Ames' notice of appeal is the trial court's entry regarding summary judgment. *See* App.R. 3(D) ("The notice of appeal * * * shall designate the judgment, order or part thereof ap[p]ealed from"); Loc.R. 3(D)(2) ("The appellant shall attach to the Notice of Appeal, a copy of the judgment entry or entries being appealed"). In the interest of justice, we will review this assignment of error.

{¶86} Civ.R. 26(C), which governs protective orders, provides in part:

{¶87} "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment,

20

oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

**{¶88}** Mr. Ames' argument focuses on the Board's alleged motivations and actions in seeking the order. For instance, Mr. Ames asserts that the Board moved for a protective order as a "ruse" to "delay" or "avoid" discovery, that the Board's motion was deficient because the Board failed to recite its efforts to resolve the matter through discussion, that the Board's stated legal basis was invalid, and that the Board engaged in frivolous conduct. Mr. Ames does not address how any of these issues are relevant to whether the trial court abused its discretion.

**{¶89}** Mr. Ames asserts that the trial court denied the "discovery of evidence that would militate the gravity of the Board's willful and continuing violations of the OMA" and that he was prejudiced by the Board's "failure to preserve much of that evidence."

**{¶90}** However, Mr. Ames does not identify the evidence to which he is referring and how he was prejudiced by its omission. The record demonstrates that the trial court

21

held at least two hearings to discuss discovery issues and ultimately determined particular evidence was sufficient for the parties to prepare dispositive motions and responses: a flash drive containing videos of the Board's meetings for fiscal year 2016 and the meeting minutes referenced in Mr. Ames' complaint. The record also demonstrates that the Board eventually submitted responses to Mr. Ames' discovery requests.

{¶91} In fact, Mr. Ames moved for summary judgment before *any* evidence was submitted into the record. And curiously, Mr. Ames opposed the trial court's efforts to facilitate Mr. Ames' receipt of evidence that would support his claims, such as the Board's meeting minutes. Further, when the Board moved for summary judgment, Mr. Ames did not move for a continuance to obtain additional discovery pursuant to Civ.R. 56(F).

{¶92} An appellant "bears the burden of affirmatively demonstrating error on appeal." (Citations omitted.) *State v. Herron*, 11th Dist. Lake No. 2009-L-119, et al., 2010-Ohio-2050, ¶16. "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." (Citations omitted.) *Id.* Mr. Ames has not affirmatively demonstrated that the trial court abused its discretion in granting the protective order.

{¶93} Mr. Ames' second assignment of error is without merit.

{¶94} Based on the foregoing, (1) we dismiss as moot Mr. Ames' appeal with respect to Count LV of his complaint; (2) we reverse the trial court's grant of summary judgment to the Board on the remaining counts of Mr. Ames' complaint; (3) we affirm the trial court's denial of summary judgment to Mr. Ames; (4) we affirm the trial court's grant

of the Board's motion for a protective order; and (5) we remand this matter to the trial court for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, P.J.,
TIMOTHY P. CANNON, J.,
concur.